**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**JOYCE OAKLEY,**

    Plaintiff,

v.                                                                         Case No: 5:13-cv-186-Oc-PRL

**COMMISSIONER OF SOCIAL
SECURITY**

    Defendant.
_____

## ORDER

In this Social Security case, the parties have consented to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings (Doc. 17), and the case has been referred to the undersigned in accordance with 28 U.S.C. § 636(c). The Commissioner has filed an unopposed Motion for Entry of Judgment with Remand (Doc. 20), requesting that this Court remand the case to the Commissioner for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Pursuant to 42 U.S.C. § 405(g), the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 113 S. Ct. 2625 (1993). The failure of the ALJ to develop the record constitutes sufficient grounds for remand. *Brissette v. Heckler*, 730 F.2d 548 (8th Cir. 1984), *appeal after remand* 613 F. Supp. 722 (E.D. Mo. 1985), *judgment aff'd in part, rev'd in part,* 784 F.2d 864 (8th Cir. 1986). Where the district court cannot discern the basis for the Commissioner's decision, a sentence four remand may be

- 2 -

appropriate to allow him to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829 30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work and treating psychologist acknowledged that claimant had improved in response to treatment and could work in a supportive, noncompetitive, tailor made work environment). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Accordingly, upon due consideration, this action is reversed and remanded under sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings, as follows:

> An Administrative Law Judge will re-evaluate Plaintiff's mental impairments; reconsider Plaintiff's residual functional capacity, and in doing so, further evaluate the opinion evidence from the non-treating and non-examining sources; obtain supplemental vocational expert testimony to determine if there are a significant number of jobs in the national economy that Plaintiff can perform; and give Plaintiff an opportunity for a hearing.

The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Ocala, Florida on November 12, 2013.

- 3 -

/s/ P. Lammens
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties